IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERNEST T. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The plaintiff, Ernest T. Young ("Young"), states to the Court as follows:

1. Young files this action under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA").

2. This Court has jurisdiction over this action under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331. Venue is proper in this judicial district under 29 U.S.C. § 1132(e).

3. Young is, and at all relevant times has been, a citizen and resident of New Castle County, Delaware. Young is, and at all relevant times has been, a participant or beneficiary in a long-term disability benefit plan sponsored by Hercules Incorporated.

4. The long-term disability plan was funded and insured by an insurance policy (upon information and belief, and based upon documents obtained, policy no. LK-030292), issued by defendant Life Insurance Company of North America ("LINA"). This LINA policy has been in full force and effect at all relevant times. According to the policy provided to Young, LINA is the named fiduciary for adjudicating claims for disability benefits and deciding any appeals of denied claims.

5. LINA is an insurance carrier that is doing business in this judicial district and that may be found in this judicial district.

6. While covered by the applicable LINA policy, Young ceased working in 2006 due to his serious health conditions, impairments, and disability. These health problems are well documented in the applicable long-term disability claim file in the possession of LINA. Young submitted appropriate proofs of his loss to LINA. Young received a letter dated March 5, 2007, indicating that he did not qualify for long-term disability benefits under the LINA policy. LINA refused to pay long-term disability benefits to Young.

7. Young appealed the refusal to pay benefits, submitting additional information and proof of loss in support of his claim. A letter dated February 13, 2008, upheld the earlier refusal to pay benefits.

8. Young is, and has been at all relevant times, disabled under the terms of the LINA policy. He is entitled to past-due and continuing long-term disability benefits under the provisions of that policy. At all relevant times, he has satisfied the definition of disability under the applicable policy.

9. The refusal to pay disability benefits to Young was wrong, unreasonable, irrational, and contrary to the terms of the applicable LINA policy. By refusing to pay such benefits, LINA has violated, and continues to violate, the terms of the LINA policy and Young's rights to past-due and continuing disability benefits.

10. Young was not accorded a full and fair review of his claim for disability benefits as required by the LINA policy, ERISA (29 U.S.C. § 1133), and CRF § 2560.503-1. Among other things, the decision-maker ignored or gave insufficient consideration to information submitted by Young and other information; failed to analyze and review the facts and

circumstances in a fair and reasonable manner; failed to provide a claims process free of self-interest and bias (including but not limited to the biased and flawed evaluation of the facts and circumstances of the claim by the decision-maker's personnel and outside consultants); failed to have different people decide the original claim and the appeal; failed to reasonably consider and address the materials and proofs submitted; and failed to conduct a competent and reasonable investigation and review of the facts and circumstances.

11.  By refusing to pay disability benefits to Young, LINA has also operated under a conflict of interest to the detriment of Young. Upon information and belief, LINA is the funding source and payor of all disability benefits owed to eligible claimants (including Young) under the LINA policy at issue. LINA is responsible for paying past-due disability benefits and ongoing, future disability benefits to Young under the LINA policy.

12.  ERISA (29 U.S.C. § 1132(a)(1)(B)) permits a plan participant or beneficiary to bring a civil action to recover benefits due under a plan, to enforce rights under the plan, and to clarify rights to future benefits under the plan. Young seeks this relief.

13.  The facts and circumstances of this matter warrant an award of Young's attorneys' fees against the defendant under 29 U.S.C. § 1132(g) and related case law.

### PRAYER FOR RELIEF

**WHEREFORE**, Ernest T. Young requests that the Court grant the following relief:

1.  An order and judgment in favor of the plaintiff against LINA for all disability benefits owed to him under the applicable plan policy;

2.  An order and judgment reinstating future, ongoing disability benefits owed or available to him by LINA under the applicable disability policy;

3.  All pre-judgment and post-judgment interest allowed by law;

4. Attorney's fees and costs under 29 U.S.C. § 1132(g);

5. Costs; and

6. All other available relief that is equitable and just.

PLAINTIFF ERNEST T. YOUNG

By: _____
Herbert G. Feuerhake, Esq. #2590
521 West Street
Wilmington, DE  19801
(302) 658-6101
herblaw@verizonmail.com
Attorney for Plaintiff

Date: April 7, 2008

- 4 -

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ernest T. Young

**DEFENDANTS**
Life Insurance Company of North America

(b) County of Residence of First Listed Plaintiff: **New Castle Co., DE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Herbert G. Feuerhake, Esq., 521 West St., Wilmington DE 19801
(302) 658-6101

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA (29 U.S.C. § 1132)
Brief description of cause:
Claim for long-term disability benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/7/2008

SIGNATURE OF ATTORNEY OF RECORD: *Herbert G. Feuerhake*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08-194

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___4/7/08___  X ___[signature]___
(Date forms issued)   (Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action