IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST T. YOUNG, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     C.A. No. 08-194-GMS |
| | : |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | : |
| | : |
| Defendant. | : |

### ANSWER TO COMPLAINT

Defendant, Life Insurance Company of North America ("Defendant"), by and through its undersigned counsel, hereby ANSWERS the *Complaint* [D.I. 1] ("Complaint") filed by Plaintiff, Ernest T. Young ("Plaintiff"), as follows:

1. The allegation of this paragraph states a legal conclusion and requires no response.

2. Admitted.

3. Admitted that Hercules Incorporated ("Hercules") sponsors a "Group Insurance Plan" (the "Plan"). The Plan speaks for itself. It is unclear what Plaintiff alleges as the "relevant times." Except as admitted, denied.

4. Admitted that Life Insurance Company of North American ("LINA") issued a Group Policy No. LK-030292 (the "Policy") to Hercules. The Policy speaks for itself, including its Claims Provisions, which involve LINA (in a fiduciary capacity) in the claims process. It is unclear what Plaintiff alleges as the "relevant times." Except as admitted, denied.

5. Admitted.

6. Admitted that Plaintiff ceased working for Hercules on September 15, 2006. Admitted that Plaintiff was a participant in the Plan at that time. Admitted that LINA sent a letter to Plaintiff that is dated March 5, 2007 (the " March 5 Letter"). The March 5 Letter speaks for itself. Admitted that LINA denied a claim by Plaintiff for long term disability (the "Claim"). Except as admitted, denied.

7. Admitted that Plaintiff requested to appeal the denial of the Claim (the "Request"). Admitted that Plaintiff provided additional information in connection with his Request. Admitted that LINA sent a letter to Plaintiff that is dated February 13, 2008 (the "February 13 Letter"). The February 13 Letter speaks for itself. Admitted that after completing a review, LINA upheld its prior decision to deny the Claim. Except as admitted, denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. The allegation of this paragraph states a legal conclusion and requires no response.

13. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff is not disabled within the meaning of the policy or plan and this constitutes a complete defense to the claims contained in Plaintiff's Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance policy or plan at issue.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's remedies, if any, are limited to those provided under ERISA and his damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable policy.

### FOURTH AFFIRMATIVE DEFENSE

The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

### FIFTH AFFIRMATIVE DEFENSE

No payments are owed to the Plaintiff under the terms and conditions of the said policy or plan.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's eligibility for benefits is subject to the restrictions contained in the policy or plan.

### SEVENTH AFFIRMATIVE DEFENSE

This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for benefits under the policy was properly denied by Life Insurance Company of North America.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendant asserts any and all defenses available to them under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches, equitable estoppel and waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy one or more conditions precedent for coverage under the contract.

### TWELFTH AFFIRMATIVE DEFENSE

Delaware law does not permit claims for future payments under an income disability policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not submitted appropriate or sufficient medical proof on his claim of disability under the policy and, therefore, is not entitled to benefits.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant owes no obligation under the contract to pay benefits.

### FIFTEENTH AFFIRMATIVE DEFENSE

Life Insurance Company of North America's denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Life Insurance Company of North America's factual determinations resulting in the denial of benefits was, under all of the circumstances, reasonable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial pursuant to the provisions of ERISA, 29 U.S.C. §1001, et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages, including any claims for future disability benefits, interest, attorney's fees, costs, and any other relief, are barred and/or preempted by one or more provisions of ERISA, 29 U.S.C. §1001, et seq.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for future benefits are legally improper and, at most, Plaintiff would only be entitled to monthly benefits upon continued proof of disability and subject to all the terms of the policy or plan.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations under ERISA and any contractual limitations period under the terms of the policy or plan.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by any other applicable statute of limitations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff may have failed to exhaust the available statutory or administrative remedies.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Life Insurance Company of North American has discretionary authority to determine Plaintiff's eligibility for benefits and its decisions were not arbitrary and capricious.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Life Insurance Company of North America is not equitably estopped from denying Plaintiff's claims for future coverage.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any relief awarded to Plaintiff may be reduced or offset by benefits with which the subject policies integrates, if any, or should be otherwise reduced as required by law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's own delay in furnishing proof of loss which, in the absence of legal incapacity, bars Plaintiff's claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's present claim of disability is not supported under all the circumstances and any failure on the part of the Plaintiff to be working in the occupation he was engaged in when he allegedly first became disabled was due to Plaintiff's own choice and/or caused by circumstances other than Plaintiff's claimed disability.

WHEREFORE, Defendant, Life Insurance Company of North America, asks that this Court (i) dismiss the Complaint with prejudice; (ii) enter judgment in favor of the Defendant and against Plaintiff, Ernest T. Young; (iii) award the Defendant their costs and reasonable counsel fees; and (iv) grant such other and further relief as may be just and proper.

*[Space Intentionally Inserted.  Signature Block Follows on Subsequent Page.]*

                CONNOLLY BOVE LODGE & HUTZ LLP

                /s/ Timothy M. Holly
                _____
                Timothy M. Holly (Del. Bar No. 4106)
                Jeffrey C. Wisler (Del. Bar No. 2795)
                1007 North Orange Street
                P.O. Box 2207
                Wilmington, Delaware 19899-2207
                Tel. (302) 252-4217
                Fax. (302) 658-0380
                e-mail: tholly@cblh.com
                *Attorneys for Defendant*

Dated: May 21, 2008

CBLH: 609677